# AUGUST KARUPKAT et al.

## vs.

## JOSEPH ZOPH.

*Real Estate Broker—Execution of Contract—Revocation of Authority.*

One employed to find a purchaser for land, or to sell land, has, in the absence of express authority to that effect, no power to sign a contract of sale. p. 245

Authority given a real estate broker to sell certain land *held* to have been revoked by a notification to him from the owner not to sell it. p. 246

*Decided January 13th, 1922.*

Appeal from the Circuit Court for Anne Arundel County, in equity (Moss, J.).

Bill by Joseph Zoph against August Karupkat and Emilie Karupkat, his wife. From a decree for plaintiff, defendants appeals. Reversed.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Urner, and Adkins, JJ.

*Daniel R. Randall,* for the appellant.

*Ridgely P. Melvin,* for the appellee.

Briscoe, J., delivered the opinion of the Court.

The object of the bill in this case is to require the specific performance of an alleged contract of sale of real estate, made by a real estate broker, as agent for the owners thereof, with the appellee, as purchaser of the property.

The property was owned by the appellants, as tenants by the entireties, and consisted of eighteen acres of land, with

certain improvements, situate near Woodwardville, in Anne Arundel County.

The contract sought to be enforced is set out in the record, marked Plaintiff's Exhibit B, and is as follows:

"Baltimore, Md.

"This Agreement, Made this 28th day of November, 1919, by and between Wm. Luebbers, as agent for owners, vendor, and Joseph Zoph, 3236 Foster Avenue, city, vendee:

"Witnesseth, That the said vendor has sold and the said vendee doth buy the following described property, owned by Mr. and Mrs. Karupkat, 18 acres more or less, near Woodwardville, Anne Arundel County, Md., at and for the price of $2,200, of which $100 have been paid prior to the signing hereof and the balance is to be paid as follows: $2,100 on February 16, 1920, and upon payment as above of the unpaid purchase money a deed for the property shall be executed at the vendee's expense by the vendor which shall convey the property by a good and merchantable title.    Adjustment to be made and possession to be given Febr. 15, 1920.

"Witness our hands and seals.

|  |  |
|---|---|
| "Wm. Luebbers, | (Seal) |
| "Agt. for A. Karupkat. | (Seal) |
| "Mrs. Emilie Karupkat. | (Seal) |
| "Jos. Zoph. | (Seal) |

"Attest:
"Otto Wenzing."

The authority by the agent to make the sale to the appellee is based upon an alleged written memorandum, signed by Mr. and Mrs. Karupkat, the owners of the property, dated September 30, 1919, and designated, as an "Exclusive Right of Sale." It is filed in the case, part of "Plaintiff's Exhibit A," and is as follows:

"Exclusive Right of Sale.

"In consideration of the special advertising and listing of said property by William Luebbers, we hereby

agree to pay him 10 per centum of the sale price on any sale of the above property made within (6) months from the date hereof.

"It is agreed that this contract is to continue in effect after said period and until thirty days' previous notice of such termination be given by us.

"As witness our hands this 30th day of Sept., 1919.

"A. Korupkat,
"Emilie Korupkat,
"Owners."

The relief sought by the plaintiff, as stated by the prayer of the bill, is, that the agreement, marked "Plaintiff's Exhibit B" may be enforced, and that the defendants may be decreed to convey unto the plaintiff the property mentioned in the contract, upon the payment of the balance of the purchase money still due and owing by him.

The defendants in their answer deny the material allegations of the bill and aver (1) that the contract of sale sought to be enforced was not a valid contract binding upon the defendants, but was null and void and without legal effect. Second: Assuming the validity of the original agreement, they deny that the agency was in force and operation at the time of the alleged sale to the plaintiff, because, they aver, the same had wholly ceased and expired both by limitation and revocation; that the alleged agreement of sale was not made at the time stated and the sale was not a valid or bona fide transaction, and third, they further aver, that the plaintiff was without authority, to make a valid contract of sale, as their agent, on the 28th of November, 1919, of the property in question, because he had been fully advised by them of the revocation of the alleged agency, before the contract of sale had been made by him with the appellee as set out in the record now before us.

The case was heard upon bill, answers and testimony, taken in open court, and from a decree of the Circuit Court for Anne Arundel County, dated the 28th day of July, 1921,

granting the relief sought by the bill, and directing a conveyance by the defendants to the plaintiff of the property in question, this appeal has been taken.

The rule of law now in force in this State, and controlling on this appeal, has been settled by this Court and need only to be stated, to reach a proper conclusion on the record now before us.

In *Brown* v. *Hogan,* 138 Md. 268, CHIEF JUDGE BOYD very carefully and at length reviews the cases in other jurisdictions and in this Court on this subject, and says, that the very decided weight of authority is, that one employed to find a purchaser for land, or to sell land, has, in the absence of express authority to that effect, no power to sign a contract of sale. And it was further said, it is much better for everybody that it be clearly and unequivocally stated in the contract of employment with his principal and that the terms of sale be made explicit, if the agent is to have authority to make a contract of sale, and if such authority is not given him, then the sale must be reported to the owner and the contract executed by him, if one is desired.

In *Clark* v. *Peoples Bank,* 136 Md. 263, it was held that authority to lease a piece of property, and to find a purchaser therefor, did not confer on the agent power to give an option to purchase, or to execute a written contract of sale.

In 31 *Cyc.* 1366, it is stated, as supported by authority, that the mere employment of a real estate broker to find a purchaser of land on terms fixed by the owner does not include authority to execute a contract binding upon his principal.

We have carefully examined the testimony disclosed by the record in this case, and we are unable to hold that the alleged contract of sale, relied upon by the appellee, is established by that clear and satisfactory proof which is always required to warrant a decree for specific performance.

The alleged contract sought to be enforced is merely an office memorandum, signed only by the appellants, and it confers no express authority upon the agent to make or sign

a written contract for the principal. There is nothing in the surrounding circumstances of the case from which such authority could be fairly or reasonably implied.

In *Spengler* v. *Sonnenberg,* 88 Ohio St. 192, the Supreme Court of Ohio said: "It is the settled law of this state that a real estate agent is without authority to execute a contract of sale which shall be binding on one who places real estate in his hands for sale, unless such authority is specially conferred. * * * The fact that the owner of real estate employs an agent to find a purchaser for it does not raise an implication that the agent is authorized to make a written contract with reference to it. * * * If the agent assumes to make a contract in excess of this authority, the agreement is void and unenforceable." *Crumpacker* v. *Jeffrey,* 63 Ind. App. 621; *Clark* v. *People's Bank,* 136 Md. 276; *Brown* v. *Hogan,* 138 Md. 268.

But apart from the fact that the agent, in this case, was without authority to make a valid contract which could be specifically enforced against these defendants, the evidence clearly shows that the written memorandum to sell was revoked and cancelled by the defendants before the sale to the plaintiff was made, and the agent was not, therefore, authorized to make the sale.

The witness, A. Karupkat, testified that he visited the office of Mr. Luebber on the 24th of October, 1919, and annulled the order given him to sell the property. Mrs. Karupkat also testified that, on or about the 1st of November, 1919, she visited the agent's office, gave him a notice in writing not to sell the farm, and he read the notice in her presence.

The witness, Greenbaum, testified that the agent, Luebbers, admitted that he had been notified by the owners of the property not to sell it, and that they had cancelled the agreement to sell, but that he had refused to consider it, fearing he would lose his commissions. The testimony of the witness, Wensing, the clerk for the agent, Luebbers, is also to the effect that the contract for the sale of the defend-

ants' property was considered as cancelled at the office of the agent.

We find nothing in the evidence that would sustain the contention of the plaintiff that the sale was subsequently ratified and confirmed by the defendants. On the contrary, the testimony on this branch of the case is both conflicting and contradictory, and in no way removes the burden resting upon the plaintiff to show that he was the authorized agent of the defendants to make a valid sale.

It is conceded that the agent has recovered a judgment against the appellants for the ten per cent. commission named in the agreement of September 20, 1919.

For the reasons stated the decree of the court below will be reversed, and the bill dismissed.

> *Decree reversed and bill dismissed, with costs to the appellants in this Court and in the court below.*